IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:17-cr-00187-1 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| TYRELL MARQUEZ FLENOY | ) | |

# MEMORANDUM OPINION

Pending before the Court is Defendant's Motion for Compassionate Release (Doc. No. 229, "Motion"). Via the Motion, Defendant seeks a reduction of his 92-month sentence and immediate release from the custody of the Bureau of Prisons ("BOP"), pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Like many other federal inmates in this district and around the country, Defendant claims that the ongoing COVID-19 pandemic, as applied to his specific health profile, satisfies the requirement of "extraordinary and compelling reasons" necessary for this Court to grant "compassionate release"[1] under Section 3582(c)(1)(A)(i), and that compassionate release is otherwise appropriate in his case. The Government has filed a response in opposition (Doc. No. 231, "Response"), arguing that the Motion should be denied because Defendant has not established "extraordinary and compelling reasons for his release" and consideration of the 18 U.S.C. § 3553(a) factors counsels strongly against granting compassionate release.

---

[1] Motions like the instant Motion are generally known as ones for "compassionate release," and Defendant's requested relief appropriately can be referred to and conceived of as "compassionate release" or "sentence modification" (or "sentence reduction"). *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at n.2 (D. Utah Feb. 18, 2020) ("In this order, the court uses the phrase 'compassionate release' and 'sentence modification' interchangeably, which is consistent with how other courts have used the terms."); *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *1 (W.D. Tenn. June 8, 2020).

BACKGROUND

On September 27, 2017, Defendant was charged via indictment with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. No. 11). On February 19, 2019, Defendant pled guilty to the sole count of the indictment. (Doc. No. 160). On May 6, 2019, this Court sentenced Defendant to serve 92 months of imprisonment followed by three years of supervised release. (Doc. No. 198). Defendant has been serving his sentence at USP McCreary. According to BOP, Defendant's release date is February 29, 2024. *See Federal Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Aug. 10, 2021).

LEGAL STANDARDS FOR "COMPASSIONATE RELEASE"

Prior to 2018, only the Director of the Bureau of Prisons could move for compassionate release. The First Step Act amended 18 U.S.C. § 3582(c) to allow prisoners to move for compassionate release on their own behalf. *See* First Step Act of 2018, § 603, Pub. L. No. 115-391, 132 Stat. 5239. Now, under 18 U.S.C. § 3582(c)(1)(A), as modified by the Section 603(b)(1) First Step Act,[2] a district court *may* under certain circumstances grant a defendant's motion for compassionate release (hereinafter, "defendant-filed motion"). *See United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory."). In order to grant such a

---

[2] That paragraph of Section 603 provides:

 (b) INCREASING THE USE AND TRANSPARENCY OF COMPASSIONATE RELEASE.—Section 3582 of title 18, United States Code, is amended—
    (1) in subsection (c)(1)(A), in the matter preceding clause (i), by inserting after ''Bureau of Prisons,'' the following: ''or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .''

defendant-filed motion, however, a court must find that the so-called "exhaustion requirements" have been satisfied—*i.e.*, "[either] the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion [for compassionate release] on the defendant's behalf or [there has been a] lapse of 30 days since the receipt of such a request [for BOP to file such a motion] by the warden of the defendant's facility, whichever is earlier." *See also United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (explaining that a district court may not disregard the exhaustion requirements of Section 3582(c)(1)(A)).

Once it properly can act on a defendant-filed motion brought under 18 U.S.C. § 3582(c)(1)(A), the district court next determines whether, in its discretion, to grant compassionate release to a defendant. In its recently issued opinion in *Jones*, the Sixth Circuit discussed the steps of the compassionate release analysis:

> The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).12 At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon* [*v. United States*], 560 U.S. [817,] 827 [(2010)]. At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*.

*Jones*, 980 F.3d at 1108. The court then went on to resolve the following question with respect to defendant-filed motions (as opposed to compassionate-release motions filed BOP) in particular: "given the First Step Act's procedural reforms to compassionate release, is § 1B1.13 still an applicable—'that is, "relevant" or "appropriate,"' [*United States v. Ruffin*, 978 F.3d 1000, 1007–08 (6th Cir. 2020)]—policy statement for the purposes of the second § 3582(c)(1)(A) inquiry?" *Id.*

The court noted that this is a question that has "sharply divided the courts," *id*. (citation omitted), as many district courts, including this Court, previously considered the Section 1B1.13 policy statements applicable when determining whether compassionate release was warranted. The court then chose a side, holding that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id*. (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).[3] Therefore, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*.

In other words, because § 1B1.13 is inapplicable to defendant-filed motions, a district court adjudicating such a motion is not bound by anything § 1B1.13 has to say about—including any limitations or requirements § 1B1.13 would impose upon—the finding of extraordinary and compelling reasons. But this rule is not the only consequence of the Sixth Circuit's decision in *Jones*. Another is that the district court, in adjudicating a defendant-filed motion, may disregard the requirement of § 1B1.13(2) that the court find the defendant not pose a danger (to any other person or to the community) in order to grant compassionate release.

If, in adjudicating a defendant-filed motion, a district court determines that "extraordinary and compelling reasons" for compassionate release exist, the court then determines whether compassionate release is warranted in light of the Section 3553(a) sentencing factors. *See Jones*,

---

[3] Prior to *Jones*, this Court treated § 1B1.13 as applicable to all motions for compassionate release, whether filed by BOP or by a defendant. The Court does not necessarily perceive that such treatment resulted in a resolution of any defendant-filed motions that was any different than the result the Court would have reached by treating § 1B1.13 as inapplicable to defendant-filed motions. But the Court does note that at least the analytical framework it used prior to *Jones* was different than the analytical framework it will use in the aftermath of *Jones*.

980 F.3d at 1112.[4] The sentencing factors set forth in Section 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the . . .
> i) [United States Sentencing Guidelines, ("U.S.S.G.")]—
> ii) [in effect at the time of sentencing]
>
> (5) any pertinent policy statement—
> A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code; and
> B) [and in effect at the time of sentencing]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## ANALYSIS

### APPOINTMENT OF COUNSEL

Via the Motion, Defendant seeks appointment of counsel. (Doc. No. 229 at 5-7). The Sixth Amendment secures the right of a criminal defendant who faces incarceration to be represented by

---

[4] As suggested above, under *Jones*, the analysis of a defendant-filed motion differs from the analysis of a BOP-filed motion in that (among other ways) the latter kind of motion—to which § 1B1.13 remains applicable—requires an intermediate determination of whether the defendant-movant poses a danger to other persons or the community. *See* U.S.S.G. §1B1.13(2).

counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). However, the constitutional right to assistance of counsel does not extend to motions for post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052 (6th Cir. Dec. 30, 2016) ("[T]here is no right to counsel in a post-conviction action."). The decision of whether to appoint counsel for the purpose of seeking compassionate release is a decision within the sound discretion of the Court. *See United States v. Stephens*, 2020 WL 3250226 at *2 (E.D. Mich. June 16, 2020). "In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Woods*, No. 2:03-CR-069, 2020 WL 5805324, at *3 (E.D. Tenn. Sept. 28, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

Defendant fails to present any unique circumstances justifying appointment of counsel. A compassionate release request is not a particularly complex claim factually or legally. *See United States v. Drayton*, No. 10-20018-01, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) (denying motion to appoint counsel related to motion for compassionate release and noting that compassionate release claims are not particularly complex factually or legally and that the defendant appeared able to adequately present his claim). Defendant has failed to articulate why he is unable to present his request for compassionate release *pro se*. Moreover, the Court believes that it is able to fairly adjudicate such motions even though one side (and not the other) is unrepresented by counsel. That is not to say that learned counsel cannot contribute something, especially something regarding nuances, to a defendant's cause on these motions. But it is to say that typically, the degree of substantive merit of these very fact-based motions is evident to the

Court even without learned counsel advocating the merits on the defendant's behalf. Accordingly, Defendant's request for counsel is DENIED, and the Court will proceed to the merits of the Motion.

COMPASSIONATE RELEASE REQUEST

A. <u>Extraordinary and Compelling Reasons</u>

Defendant argues that he is entitled to compassionate release because he "suffers from mental health conditions[,] . . . has problems with his eyes[,] . . . suffers from alcohol and drug use[,] [and is] a past smoker." (Doc. No. 229 at 2). Defendant argues that "if he were to come into contact with the COVID-19 virus he believes there would be suffering and even possibility of death." (*Id.*).

In its Response, the Government argues that Defendant has not proffered any extraordinary and compelling reasons to grant release pursuant to 18 U.S.C. § 3582(c)(1)(A), because "he has not identified any condition that he currently has that is on the CDC's list of risk factors." (Doc. No. 231 at 9). The Government further argues that Defendant cannot demonstrate extraordinary and compelling reasons for his release because has received both doses of the Pfizer vaccine and therefore "has provided effective 'self care' against the virus." (*Id.*).

To grant the Motion, the Court would have to determine that "extraordinary and compelling reasons" exist for Defendant's compassionate release. Defendant bears the burden to show that extraordinary and compelling reasons exist warranting his release. *United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. May 12, 2020); *United States v. Crouch*, No. 5:19-CR-00029-TBR, 2020 WL 1963781, at *3 (W.D. Ky. Apr. 23, 2020) ("[Defendant's] circumstances do not meet the burden of extraordinary and compelling."). As noted above, the Court has "*full discretion*

to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 980 F.3d at 1111 (emphasis added)

The Court finds, in its discretion, that Defendant has not demonstrated extraordinary and compelling reasons to grant his request for compassionate release because none of the medical conditions identified by Defendant are conditions that the CDC indicates would place him at a higher risk of severe complications from COVID-19. *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021) (upholding district court's evaluation of movant's medical conditions when considering whether defendant demonstrated extraordinary and compelling reasons and noting that the district court "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). Defendant's asserted health conditions ("mental health conditions[,] . . . has problems with his eyes[,] . . . "suffers from alcohol and drug use[,] [and is] a past smoker." (Doc. No. 229 at 2)) are not listed by the CDC as conditions that can make one more likely to become severely ill from COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Aug. 10, 2021). Thus, Defendant cannot demonstrate extraordinary and compelling reasons based on these underlying conditions.

Additionally, even if Defendant did identify such a condition, Defendant has been fully vaccinated, and therefore his risk of severe illness from COVID-19 has declined dramatically, according to recent reports from the CDC. *See United States v. Catchings*, No. 12-20372, 2021 WL 3417912, at *2 (E.D. Mich. Aug. 5, 2021) ("Catchings argues that he fears that his hypertension and obesity render him vulnerable to COVID-19. While these conditions may increase unvaccinated individuals' risks of severe illness from COVID-19, the same is not true for

vaccinated individuals."). According to current reporting from the CDC, the vaccine reduces the risk of COVID-19 among people who are fully vaccinated "by 90 percent or more." See COVID-19 Vaccines Work, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last accessed Aug. 8, 2021).[5] Further, regarding people who are vaccinated but still get COVID-19, the vaccine has been shown to "provide protection against severe illness and hospitalization among people of all ages eligible to receive [it]." *Id*. Significantly, "[t]his includes people . . . who are at higher risk of severe outcomes from COVID-19." *Id*.

Defendant received the first dose of the Pfizer vaccine on March 15, 2021, and the second dose of the Pfizer vaccine on April 6, 2021. (Doc. No. 231-1). Therefore, he is fully vaccinated, meaning that he is protected to the fullest extent by the vaccine. As a result, Defendant's fear of contracting the virus or suffering severe illness is not a compelling reason to release him and the Court, in its discretion, finds that Defendant has not met his burden to demonstrate extraordinary and compelling reasons for his release. Thus, his Motion is denied on this basis, and the Court need not proceed to the remaining steps of the compassionate release analysis (*i.e.*, an analysis of the Section 3553(a) factors).[6]

---

[5] The Court would not begrudge either party disagreeing with a statistical representation or opinion from any particular source, including the CDC. This is true for various reasons, including the fact that various public health authorities, including the CDC, have changed their views over time on various COVID-related topics as COVID-related events, circumstances and experiences have unfolded. But of course such a disagreement tends to be weighty only to the extent that the grounds for disagreement are identified—especially with respect to a source like the CDC, with its unique status in this country with respect to matters relating to COVID-19. The Court is unaware of any particular basis for disagreeing with the CDC's relevant views cited herein, and neither party has asserted any disagreement, let alone shown any basis for such disagreement. And in the Court's experience, on compassionate release motions based on the prevalence of COVID-19, both the Government and the defendant typically cite and rely on the CDC's views, and the Court will do so here, as seems well within the Court's discretion.

[6] Although the Motion is subject to denial in any event, the Court notes that it cannot conclude that Defendant would fare better if released to live on his own (as opposed to remaining in BOP custody) with respect to avoiding a COVID-19 infection, mitigating the effects from any infection, and combatting drug and alcohol abuse and mental health issues. Perhaps Defendant could, with the assistance of counsel, make a stronger showing on this point, but

B. Section 3553(a) Factors

As just suggested, because Defendant fails to qualify for compassionate release, irrespective of how the Section 3553(a) factors apply to him, the Court will not address the Government's (certainly colorable) suggestion that they militate against compassionate release for Defendant.

CONCLUSION

Compassionate release is an extraordinary remedy. *See*, *e.g.*, *United States v. Rizzo*, No. CR 16-20732, 2020 WL 2092648, at *3 (E.D. Mich. May 1, 2020). Such remedy is unavailable here, given that it would be inappropriate, considering that Defendant has not met his burden to demonstrate extraordinary and compelling reasons for his release.

For these reasons, the Motion (Doc. No. 58) will be **DENIED**.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

even then, the possibility for improved prospects for Defendant in these areas likely would ultimately be speculative. But the Court need not reach these issues, because the intersection of Defendant's medical history and the COVID-19 pandemic does not reveal extraordinary and compelling reasons for his release.